UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CHRISTOPHER GONZALEZ-
AGUILERA,

        Plaintiff,

                              1:15-cv-01476-AA

   v.

C. PETERS,                            ORDER

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections, filed a complaint under 42 U.S.C. § 1983 alleging that the ODOC's rule describing the legal supplies made available to indigent inmates - OAR 291-139-0040(5)(a) - is unconstitutional on its face, because ODOC does not provide unlimited free postage to inmates for "consulting" with attorneys. In plaintiff's "Reply" (#10) he characterizes his claim as one for "First Amendment Free Speech (and) Association." Plaintiff seeks declaratory and

1 - ORDER TO DISMISS -

D

injunctive relief.

Defendant now move to dismisss (# 9).

The ODOC advances all costs to indigent inmates for required court or parole board filings. OAR 291-139-0040(5)(a). However it does not advance costs for general attorney correspondence under that rule. *Id.* However, indigent inmates are provided five post-paid envelopes per month. OAR 291-131-0015(9).

In order to state a constitutional claim for denial of access to the courts a plaintiff must demonstrate that he has suffered an "actual injury." <u>Lewis v. Casey</u>, 518 U.S. 343 (1996). "Actual injury" means "actual prejudice with respect to contemplated or existing litigation such as the inability to meet a filing deadline or prresent a claim. *Id.*; *see also*, <u>Christopher v. Harbury</u> 536 U.S. 403, 413-16 (2002).

In this case plaintiff has failed to allege any actual injury. Plaintiff alleges that he is unable to write to attorneys to see if they are willing to represent him in a non-specific "civil action challenging the conditions of his confinement." Such an abstract injury is insufficient to state a constitutional claim. *See*, <u>Rodriquez v. Cook</u>, 169 F.3d 1176, 1179 (9th Cir. 1999) (rejecting "unlimited free postage" claim).

Defendants' Motion to Dismiss (#9) is allowed. The Clerk of the Curt is directed to enter a judgment dismissing this action Any appeal from this Order or judgment dismissing this action

2 - ORDER TO DISMISS -

D

would be frivolous and not taken in good faith. Therefore, plaintiff's *in forma pauperis* status is hereby revoked.

IT IS SO ORDERED.

DATED this _24_ day of November, 2015.

                                                                  Ann Aiken
                                                                  United States District Judge